IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER A. EDWARDS  Petitioner,  vs.  MICHELE CAPPS, Warden, Nebraska State Penitentiary; and SCOTT R. FRAKES, Director, Nebraska Department of Correctional Services;  Respondents. | 4:19-CV-3033  **MEMORANDUM AND ORDER** |

This matter comes before the Court on Respondents' Motion for Summary Judgment. Filing 10. Respondents, Michelle Capps and Scott Frakes, argue that Petitioner's habeas petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Filing 12 at 4-7. Respondents also argue Petitioner's first claim is procedurally barred. Filing 12 at 8-9. The Court agrees the petition is barred by the applicable statute of limitations and will thus dismiss the habeas petition with prejudice.

In conjunction with Federal Rule of Civil Procedure 56, the District of Nebraska has promulgated local rules governing procedural issues for summary judgment motions. *See generally* NECivR 56.1. Nebraska Civil Rule 56.1(a)(1) requires that a party moving for summary judgment must include in its brief "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried." The party opposing summary judgment must include in its brief a concise response to that statement of facts. NECivR 56.1(b)(1). "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1). Because Petitioner has failed to refute the facts in Respondents' motion and supporting brief, Respondents' properly referenced statement of

1

undisputed material facts is admitted. See *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006). As such, the Court bases the following findings of material facts on Respondents' evidence. *See* Filing 12 at 1-4.

## I. BACKGROUND

Following a jury trial, Petitioner, Christopher Edwards, was found guilty of second-degree murder and use of a deadly weapon to commit a felony on March 31, 2007. Filing 11-8 at 1-2. On July 10, 2009, the Nebraska Supreme Court affirmed Edwards's convictions and sentence on direct appeal. Filing 11-1 at 5. Edwards filed a verified motion for postconviction relief in state district court on July 13, 2010. Filing 11-9 at 4-65. The Douglas County District Court denied Edwards's motion for postconviction relief on all claims on August 2, 2011. Filing 11-9 at 156-78.

On September 28, 2012, the Nebraska Supreme Court affirmed in part and reversed and remanded in part the District Court's order. Filing 11-2 at 4. The Supreme Court concluded that Edwards's allegations required an evidentiary hearing on two of his postconviction claims: (1) that he was denied due process by the State's knowing use of fabricated evidence to obtain his conviction and (2) that his trial counsel had a conflict of interest. Filing 11-5 at 32.

On January 16, 2015, after an evidentiary hearing in the District Court of Douglas County, Edwards's motion for postconviction relief was denied. Filing 11-10 at 8-32. The Nebraska Supreme Court affirmed this ruling on July 1, 2016, and the mandate was issued on October 3, 2016. Filing 11-6 at 5.

On October 7, 2016, Edwards filed a second verified motion for postconviction of relief. Filing 11-12 at 2-65. This second motion was heard and denied by the District Court of Douglas County. Filing 11-12 at 79-86. The Supreme Court then affirmed the District Court's denial of the postconviction motion. Filing 11-4; Filing 11-7. In its affirmance, the Nebraska Supreme Court

concluded that Edwards' second motion was barred by the statute of limitation set out in the Neb. Rev. Stat. §29-3001(4). Filing 11-12. The Nebraska Supreme Court issued that order on November 16, 2018 and the mandate was issued on January 22, 2019. Filing 11-4.

Edwards filed his habeas petition in this Court on April 8, 2019. Filing 1 at 1. Edwards's petition raises two claims. The first is that he was denied due process because the State failed to disclose materially exculpatory impeachment evidence. Filing 1 at 14. The second is that his trial attorney had an actual conflict of interest while representing him. Filing 1 at 14.

## II. ANALYSIS

### A. Statute of Limitations

Before it can reach the merits of Edwards's Petition, the Court first addresses whether he filed his action within the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 110 Stat. 1214, establishes a one-year limitation period for state prisoners to file for habeas relief that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A properly filed application for State post-conviction or other collateral review will toll this one-year limitation period. 28 U.S.C. §2244(d)(2).

In this case, absent a later triggering event under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year limitation runs from the date on which the judgment became final at the conclusion of direct review. The critical question then becomes, when did the judgment become final?

The Nebraska Supreme Court first affirmed Edwards's conviction on July 10, 2009. Where the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing Sup. Ct. R. 13.1). Thus, on October 8, 2009, the § 2244(d) one-year limitation period began to run. That one-year limitation ran for 278 days until Edwards filed his first post-conviction motion in Douglas County District Court on July 13, 2010. Filing 11-9. After a lengthy procedural voyage, the postconviction motion was denied by the Nebraska Supreme Court on July 1, 2016. Filing 11-6. The mandate from the Nebraska Supreme Court was issued on October 3, 2016. Filing 11-3 at 5. The clock started again on the applicable statute of limitations on this date. The § 2244 statute of limitations expired on December 29, 2016.

On October 7, 2016, Edwards filed a second postconviction motion in Douglas County District Court. Filing 11-12. Edwards contends that this filing on October 7, 2016, once again stayed the statute of limitations under § 2244. The Douglas County District Court denied the motion, this time without a hearing. Filing 11-12. The Nebraska Supreme Court affirmed that denial, and found the claims were untimely under the statute of limitations, Neb. Rev. Stat. § 29-3001(4). Filing 11-7 at 9-11.

In *Pace v. DiGuglielmo*, the Supreme Court held, "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." 544 U.S. 408, 414 (2005). On November 16, 2018, the Nebraska Supreme Court determined that Edwards's

Second Postconviction Motion was untimely under Neb. Rev. Stat. § 29-3001(4). Filing 11-7 at 9-11. Under § 2244(d)(2), only properly filed motions will toll the statute of limitations. Therefore, because the Nebraska Supreme Court determined that the second postconviction motion was untimely, it was not "properly filed." Therefore, the clock did not stop on October 7, 2016, when Edwards filed his Second Postconviction Motion. For § 2244(d) purposes, the one-year statute of limitations expired on December 29, 2016. Accordingly, Edwards' habeas petition filed on April 8, 2019, is time barred under 28 U.S.C. § 2244(d)(1)(A).

### B. Equitable Tolling

Edwards insists that the statements made by counsel for the State during his second postconviction motion should allow this Court to toll the time during which that motion was pending. Filing 15 at 2-4. Edwards argues the State told him he could properly file a second motion for postconviction relief and that he relied on such statements. Filing 15 at 3-4.

The Court agrees with Respondents that any statements made in the state-court proceeding, even if considered judicial admissions, cannot alter the statutory strictures of another court. However, to the extent Petitioner makes an equitable-tolling argument, that argument also fails.

"Section 2244(d) is subject to equitable tolling in appropriate cases." *See King*, 666 F.3d at 1136 (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Edwards has not demonstrated that he pursued his rights diligently. It appears that Edwards knew of the facts that he now bases his habeas petition on in 2013, or at the least by 2016. Nothing stood in the way of Edwards filing a "protective" habeas petition at this time. *See Alvarado v. Hansen*, 8:17-CV-283, 2018 WL

4006768, at *7 (D. Neb. Aug. 22, 2018) ("The fact that he was trying to pursue postconviction relief in state court during this time . . . does not excuse [the petitioner] from diligently taking necessary steps to preserve and timely file his habeas claims."); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813, 161 L. Ed. 2d 668 (2005) (refusing to apply equitable tolling during a period that petitioner was "trying in good faith to exhaust state remedies," and observing that petitioner could have filed a "protective" habeas petition in federal court). All of the facts necessary to support Edwards's current claims were available to him before his § 2244(d) time expired.

Even assuming Edwards had acted diligently in pursuing his claims, he has not established that extraordinary circumstances prevented him from filing his habeas corpus petition. "The Eighth Circuit has made it clear that equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state postconviction law." *Alvarado v. Hansen*, 8:17-CV-283, 2018 WL 4006768, at *7 (D. Neb. Aug. 22, 2018) (citing *Gordon v. Arkansas*, 823 F.3d 1188, 1195 n.4 (8th Cir. 2016)). Edwards has not demonstrated any extraordinary circumstances which might support equitable tolling.

### C. Certificate of Appealability

A petitioner cannot appeal an adverse ruling on his petition for writ of a habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § §2253(c)(1) & (c)(2). The standard for issuing a certificate of appealability either where the district court reaches the merits or where it rules on procedural grounds is outlined in *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). When the district court denies a habeas petition on procedural grounds, it should issue a certificate "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484, 120 S. Ct. at 1604. The Court concludes that standard is not met here and Edwards is not entitled to a certificate of appealability.

### III. CONCLUSION

Having determined that the petition is time barred pursuant to 18 U.S.C. § 2244(d), the Court need not address the merits of Edwards's claim nor Respondents' alternative argument that Edwards's Petition is procedurally barred. Accordingly,

IT IS ORDERED:

1. Respondents' Motion for Summary Judgment (Filing 10) is granted;

2. The Petition for Writ of Habeas Corpus (Filing 1) is dismissed with prejudice and this Court will not issue a certificate of appealability in this matter; and

3. The Court will enter a separate judgment.

Dated this 14th of August, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge